**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Timotheus E. Hemingway, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2012-207709

———————————

Appeal From The Administrative Law Court
Carolyn C. Matthews, Administrative Law Judge

———————————

Unpublished Opinion No. 2013-UP-055
Submitted January 1, 2013 – Filed January 30, 2013

———————————

**AFFIRMED**

———————————

Timotheus E. Hemingway, pro se.

Christopher D. Florian, of the South Carolina Department
of Corrections, of Columbia, for Respondent.

———————————

**PER CURIAM:** Timotheus E. Hemingway, pro se, appeals an order from the Administrative Law Court (ALC) dismissing his appeal from the denial of his grievances with the South Carolina Department of Corrections (the Department). On appeal Hemingway argues the ALC erred in: (1) finding substantial evidence supported his conviction; (2) finding his right to due process was not violated by the Department's failure to provide an adequate

record of evidence relied upon to support his conviction; (3) finding the Department timely served him with the record on appeal; and (4) finding his right to due process was not violated by the Department's failure to adhere to its established policies.  We affirm.[1]

1. A review of the record on appeal reveals substantial evidence supported Hemingway's conviction for threatening to inflict harm on an employee.  *See* S.C. Code Ann. § 1-23-610(B) (Supp. 2011) ("The review of the [ALC's] order must be confined to the record.  The court may not substitute its judgment for the judgment of the administrative law judge as to the weight of the evidence on questions of fact. The court of appeals may affirm the decision or remand the case for further proceedings; or, it may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon lawful procedure; (d) affected by other error of law; (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.").  Here, both Officer's Glover's report and testimony indicate Hemingway communicated an intent to injure Officer Glover in the future.  *See* Inmate Disciplinary System § 809 (Sept. 1, 2009) (stating an inmate is guilty of threatening to inflict harm on an employee if he uses "[communication, verbal or written . . . that [he] intends to injure [an employee] or commit a violent or unlawful act dangerous to human life, presently or in the future. . . .").  Accordingly, we hold the ALC did not err in finding substantial evidence supported Hemingway's conviction.

2. The record reveals the ALC correctly found the Department did not deny Hemingway due process by failing to provide Hemingway with an adequate written record of the evidence relied upon to support its finding of guilt.  *See Al-Shabazz v. State*, 338 S.C. 354, 371, 527 S.E.2d 742, 751 (2000) (stating in a prison disciplinary proceeding, due process requires, in part, "that factfinders must prepare a written statement of the evidence relied on and reasons for the disciplinary action").  Here, the Department completed a Disciplinary Report and Hearing Record that provided "written and verbal testimony of [Officer] Glover" as the "reasons for determination of guilt."  Accordingly, the ALC did not err in

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

finding the Department did not violate Hemingway's right to due process due to an inadequate written record of the evidence relied upon to support its finding of guilt.

3. Hemingway's argument concerning the Department's failure to serve him with a copy of the record on appeal is not preserved for our review because this issue was never raised to or ruled upon by the ALC. *See Al-Shabazz,* 338 S.C. at 379, 527 S.E.2d at 755 ("[I]ssues or arguments that were not raised to and ruled on by the [ALC] are not preserved for review.").

4. We hold the ALC correctly found Hemingway's right to due process was not violated by the Department's failure to adhere to its own policies. Nothing in the Inmate Grievance System indicates Hemingway was entitled to a dismissal of his charges because the Department failed to address his grievance in sixty days. Rather, the Inmate Grievance System specifically states an appeal automatically proceeds to the next appellate level if it exceeds the established time limits. *See* Inmate Grievance System § 13.5 (Nov. 4, 2004) ("If, at the institutional level, the response to the grievance exceeds the established time limits, the grievance will automatically proceed to the next level of appeal."). Moreover, the Department's failure to follow its own policy does not give rise to a due process violation. *See Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990) ("[A]lleged violations of due process in the deprivation of a protectable interest are to be measured against a federal standard of what process is due and that standard is not defined by state-created procedures, even when those state-created procedures exceed the amount of process otherwise guaranteed by the Constitution. If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue.").

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**